UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

**Order of Restitution**

v.

FABIO BRETAS DE FREITAS                    S3 19 Cr. 257 (LTS)

_____

Upon the application of the United States of America, by its attorney, Geoffrey S.

Berman, United States Attorney for the Southern District of New York, Benet J. Kearney,

Assistant United States Attorney, of counsel; the presentence report; the Defendant's conviction

on Count One of the above Information; and all other proceedings in this case, it is hereby

ORDERED that:

### 1.    Amount of Restitution

Fabio Bretas de Freitas, the Defendant, shall pay restitution in the total amount of

$5,251,200.00, pursuant to 18 U.S.C. § 3663; 18 U.S.C. § 3663A (MVRA), to the victims of the

offense(s) charged in Count One and the offenses charged in Counts One through Five of the S1

Superseding Indictment in this matter.  The names, addresses, and specific amounts owed to each

victim are set forth in the Schedule of Victims, attached hereto as Schedule A.  Upon advice by

the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is

authorized to send payments to the new address without further order of this Court.

### A.    Joint and Several Liability

Defendant's liability for restitution shall be joint and several with that of other defendants

ordered to make restitution for the offenses in this matter, to the extent specified in the orders of

restitution applicable to those defendants. Defendant's liability for restitution shall continue

unabated until either the Defendant has paid the full amount of restitution ordered herein, or

2020.01.09

every victim has been paid the total amount of his loss from all the restitution paid by the Defendant and co-defendants in this matter.

### B.    Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.  Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

### 2.    <u>Schedule of Payments</u>

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1) upon entry of this judgment.

### 3.    <u>Payment Instructions</u>

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash.  Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office.  Any cash payments shall be

hand delivered to the Clerk's Office using exact change, and shall not be mailed.  For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

4.   **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).  If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

5.   **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6.   **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed

by the Government, the Clerk's Office, and the Probation Department, as need be to effect and

enforce this Order, without further order of this Court.


SO ORDERED:


 /s/ Laura Taylor Swain
_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

April 30, 2020
DATE

4